# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLAUDIO DE SIMONE, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> The Estate of RENATA MARIA ANNA CAVALIERE VESELY, ALESSANDRO ALBERTO VESELY, LEONARDO VESELY, MARCO EMILIO VESELY, MARINA EVA VESELY, and SARA VESELY, <br><br> Defendants/Counterclaim Plaintiffs, <br><br> v. <br><br> VSL PHARMACEUTICALS, INC., <br><br> Additional Counterclaim Defendant. | Case No. 1:02CV01650 RJL <br><br> Hon. Richard J. Leon |

## THE VESELYS' REPLY IN SUPPORT OF THEIR MOTION TO RECONSIDER THE COURT'S RULING ON THE VESELYS' MOTION TO DISMISS

Both arguments raised by De Simone in his opposition to the Veselys' Motion to Reconsider the Court's ruling misstate the record.

First, De Simone's motion for filing the transaction between De Simone and Sigma Tau was only that, a motion for filing the documents with the Court under seal. *See* De Simone's Motion for Leave to File Documents Under Seal and the Veselys' Unopposed Motion For an Extension of Time (D.I. 57 and 59), Exh. A hereto. That motion made no reference to the April 22 letter. Second, De Simone's characterization of the stay in this case is wrong. The stay was only a stay of discovery, not of the entire case. Furthermore, the discovery was not stayed at the Veselys' request over De

DC01 590467 v1

Simone's opposition, but instead upon the joint request of the parties. *See* Stipulated Motion dated January 31, 2005 (D.I. 56), Exh. B hereto. Thus De Simone at any time could have asserted a claim for attorneys fees or anything else – if such a claim had any basis.

In that regard, the only reason De Simone provides that this case should continue is that dismissing it would reward the Veselys for "unlawfully conveying" the patents to Sigma Tau. First, De Simone has no standing to assert this claim, and in fact has not done so despite abundant time and opportunity. Second, De Simone has no evidence to support this claim. It is undisputable that the Veselys had an interest in the patents in suit (as well as their foreign counterparts). They sold whatever that interest was to Sigma Tau, a sophisticated multinational company that was licensed under the Italian counterparts of those patents. That sale eliminated their interest in De Simone's claims and requires that those claims be dismissed. De Simone should not be allowed to further harrass the Veselys.

For the reasons set forth above and in the Veselys' opening memorandum this Court should reconsider its ruling and grant the Veselys' motion to dismiss. At the very least, a discovery schedule should not be set until the Veselys' motion for reconsideration is decided.

                                               Respectfully Submitted

Date:  November 15, 2005        /s/ Edward T. Colbert
                                          Edward T. Colbert (D.C. Bar No. 206425)
                                          KENYON & KENYON
                                          1500 K Street, N.W.
                                          Washington, D.C. 20005-1257
                                          Telephone:  (202) 220-4200

                        Maria Luisa Palmese
                        James Galbraith
                        Larissa A. Soccoli
                        KENYON & KENYON
                        One Broadway
                        New York, NY 10004
                        Telephone: (212) 425-7200
                        *Attorneys for Defendants/*
                        *Counterclaim Plaintiffs The Veselys*